## CURRY v. KLINE et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1363. Decided Feb. 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

257. COMMISSION—for Sale of Real Estate —480 Evidence—557 Fraud and Deceit.

1. In action to recover commission for sale of real estate, evidence tending to show agreement between agent and prospective purchaser, which would amount to condition precedent to carrying out of contract, between seller and such prospective purchaser, held admissible.

2. Failure of plaintiff, agent, to inform defendant, seller, at time written contract of sale was signed, of such condition precedent, held to constitute fraud, sufficient to prevent agent from recovering commission, in case buyer fails to take property for that reason.

Error to Common Pleas.

Judgment affirmed.

R. B. Meade and Vernon Weygandt, Akron, for Curry.

Harry G. Ream, Akron, for Kline et.

### STATEMENT OF FACTS.

The parties stand in this court as they did in the Common Pleas, in which court the plaintiff started an action at law to recover the amount of a real estate commission which he claimed he had earned under a written contract made with the defendants, for the sale of certain property owned by them.

The defendants admitted that they made a contract with the plaintiff, by the terms of which the plaintiff was to be paid a certain commission if he found a purchaser ready, able and willing to purchase defendants' property according to the terms of said contract, but alleged that the plaintiff had failed to furnish such a buyer, and therefore they were not liable to him for said commission.

The case was tried to a jury, and a verdict was rendered in favor of the defendants.

The plaintiff relies upon three grounds of alleged error; first, that the court erred in the admission of certain evidence, to which the plaintiff objected and excepted; second, that the court erred in its charge to the jury; and third, that the verdict of the jury is manifestly against the weight of the evidence.

The plaintiff's evidence tended to support the allegations of his petition; that within the time stipulated in said listing contract he had found a bona fide purchaser ready, able and willing to buy the defendants' property in accordance with the terms of the listing contract entered into between the plaintiff and the defendants, in one Anna Burns, who entered into a written contract with the defendants, by which she agreed to purchase the property of the defendants upon terms mutually satisfactory, but who later refused to carry out said contract.

The defendants offered in evidence the testimony of Mrs. Burns, which tended to prove that she told the plaintiff, before she entered into the written contract with the defendants, that she would not buy defendants' property unless he (the plaintiff) found a purchaser for a piece of real estate then owned by her, who was willing to buy her property upon the terms of a listing contract made between her and said plaintiff.

The evidence shows that, although the plaintiff, at the time, did have negotiations with a prospective purchaser for Mrs. Burns' property, he eventually failed to find a purchaser. The evidence further tends to prove that Mrs. Burns claimed she refused to carry out the written contract which she made with the defendants, for this reason.

The record does not contain any evidence that anyone told the defendants as to this phase of the transaction, namely, that the purchase of defendants' property by Mrs. Burns depended upon the sale of her property, and the inference to be drawn from the record is that the plaintiff and the defendants entered into their contract without this agreement coming to the attention of said defendants.

PARDEE, J.

"The plaintiff complains, in his brief, about the admission of certain parts of Mrs. Burns' testimony in regard to the contract made between her and said plaintiff. This particular testimony was competent as bearing upon the question of whether the plaintiff found a bona fide purchaser for defendants' property.

We think it was perfectly competent for the trial court to receive the evidence as to the agreement between the plaintiff and Mrs. Burns as to the sale of Mrs. Burns' property, although the same was not incorporated in the contract of sale entered into between the defendant and Mrs. Burns. This litigation is not between Mrs. Burns and the defendants, but is between the plaintiff and the defendants, to determine whether the defendants are liable to the plaintiff for his commission growing out of his original agreement with said defendants.

The record in the instant case fails to show that the plaintiff informed the defendants, at the time the written contract of sale was signed, of the condition precedent claimed by Mrs. Burns, and the failure of the plaintiff to tell his principals of such an arrangement constituted a fraud by him upon them, sufficient to prevent him from recovering the commission which he claims, if Mrs. Burns failed to take said property for that reason; and the jury having found that she did refuse to take the property for that reason, we are unable to say that such finding is manifestly against the weight of the evidence.

The second ground of error alleged by the plaintiff is in regard to the charge of the court.

We find, upon examination of the charge, that the court did correctly state the law applicable to the facts in this case, and that there is no error therein.

The third ground of error relied upon is that the finding of the jury is manifestly against the weight of the evidence.

As hereinbefore indicated, we are unanimously of the opinion that the finding of the jury is not manifestly against the weight of the evidence.

Not finding any errors in the record prejudicial to the plaintiff in error, we affirm the judgment."

(Washburn, PJ., and Funk, J., concur.)